UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORDARO WENTWORTH,<br><br>　　　　Defendant. | CASE NO. CR10-5662-RAJ<br><br>ORDER DENYING DEFENDANT'S MOTION TO REVIEW DETENTION HEARING |

Defendant Cordaro Wentworth is charged with violation of the conditions of Supervised Release by absconding from a halfway house on November 28, 2019 (Dkt. 111-113). He was a fugitive until his arrest on February 14, 2020, at which time he was ordered detained pending hearing. Defendant commenced supervision in 2018, and was found to have violated conditions of supervised release on several occasions (including absconding from a halfway house) prior to the filing of the instant violation report.

　　Defendant moves this Court to review the detention order and set conditions of Release, arguing the COVID-19 virus presents a change circumstances warranting review and release. (Dkt. 125.)　The government filed a response in opposition to the motion. (Dkt. 129.)

ORDER DENYING MOTION TO
REVIEW DETENTION HEARING
PAGE -1

Judge Jones has referred the motion to the undersigned Magistrate Judge. The Court finds this motion appropriate for resolution without oral argument or an evidentiary hearing.

As defendant acknowledges, 18. U.S.C. §3143 governs post-conviction release or detention. Detention is presumed detained unless the judicial officer "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under §3142(b) or (c)".

Although defendant styled his request as a motion to review this Court's detention order, a motion to review a ruling of a magistrate judge must be filed within fourteen days of the entry of the ruling (18 U.S.C. § 3145(b), (MJR 12(c)). Therefore, the Court will consider defendant's request a motion to reopen the hearing based on 18 U.S.C. § 3142(f)(2)(B), which provides that a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *Id.* The Court assumes without finding, for purposes of this order, that defendant has satisfied the requirements of 18 U.S.C. §§ 3142(f) for reopening the detention order. However, the Court finds defendant has not made a persuasive case for release, or for temporary release under 18 U.S.C. §3142(i).

The government opposes release, noting an absence of known COVID-19 cases at the FDC, and the preparations taken by staff at the facility to prevent an outbreak and to be prepared to address such cases that might arise. The government argues defendant has failed to establish a basis for reopening the detention order, and has failed to show any change in the defendant's

risk of flight or danger to the community. The government argues defendant has a lengthy criminal record that has continued without pause since 2004, except for those times when he was in custody, and has shown that he is not willing to comply with conditions of supervision if released.

Defendant is alleged to have absconded from a halfway house and to have remained in abscond status until arrested in February 2020. Defendant has not shown that he will be compliant on supervision with fewer resources devoted to assuring that compliance. In fact, the Court agrees with the government that defendant has shown by his past conduct that he cannot be relied on to comply with release conditions. Nor has defendant shown the presence of any special factors that justify releasing him from custody because of the COVID-19 pandemic.

Defendant's Emergency Motion to Review Detention is DENIED.

DATED this 1st day of April, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING MOTION TO
REVIEW DETENTION HEARING
PAGE -3